Brent H. Smith, OSB #065971
E-mail: brent@baumsmith.com
Baum Smith, LLC
P.O Box 967
808 Adams Avenue
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254

Attorneys for Plaintiff Maren Maggio

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MAREN MAGGIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon Public Corporation and Governmental Entity; WAYNE MONFIES; RUTH BEYER; JAMES A. CARLSON; DANNY JACOBS; CHAD PAULSON; STEVE ZIKA; STACY CHAMBERLAIN; PRASHANT DUBEY and DOES 1 and 2,<br><br>　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR RELIGIOUS DISCRIMINATION, DISABILITY DISCRIMINATION AND DEPRIVATION OF CIVIL RIGHTS<br><br>(42 USC § 2000e-5 - Employment Religious Discrimination, ORS 659A.112 – Disability Discrimination; 42 USC § 1983 – Deprivation of Civil Rights)<br><br>JURY TRIAL REQUESTED |

**PRELIMINARY STATEMENT**

1.

Plaintiff brings this action for declaratory relief, damages, attorney fees and statutory penalties pursuant to 42 USC § 2000e-5, ORS 659A.112 and 42 USC § 1983.

///

1 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

## JURISDICTION

2.

Jurisdiction is conferred upon this Court by 28 USC § 1331 because Plaintiff's action arises under the constitution and laws of the United States. Jurisdiction is also conferred upon this Court by 42 USC § 2000e-5(f) and 42 USC § 1983.

3.

This Court has authority to award the requested damages pursuant to 28 USC § 1343 and 42 USC § 2000e-5(f); the requested declaratory relief pursuant to 28 USC § 2201 and 2202 and 42 USC § 2000e-5(g); and costs and attorneys' fees pursuant to 28 USC § 1988 and 42 USC § 2000e-5(k).

4.

Venue is proper under 28 USC § 1391 as the conduct from which these claims arise occurred in the judicial district in which the Court is situated, and at least some of the defendants reside in this district. Divisional venue is proper in the Portland Division because all the events giving rise to the claims occurred in Multnomah County, Oregon.

## PARTIES

5.

Plaintiff Maren Maggio (hereinafter "Plaintiff") is a resident of Clackamas County, Oregon and has been at all material times.

6.

Defendant Oregon Health and Science University (hereinafter "Defendant OHSU") is an Oregon Public Corporation with a principal place of business in Multnomah County, Oregon. Pursuant to ORS 353.020 Defendant OHSU is a "governmental entity performing governmental functions and exercising governmental powers."

/ / /

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

7.

Defendants Wayne Monfries, Ruth Beyer, James A. Carlson, Danny Jacobs, Chad Paulson, Steve Zika, Stacy Chamberlain and Prashant Dubey, collectively the "Board Defendants," were members of Defendant OHSU's Board of Directors during the fall of 2021. The Board Defendants were, at all times relevant herein, responsible for establishing Defendant OHSU's institutional strategy and policy concerning accommodations in connection with its COVID-19 vaccination mandates including Defendant OHSU's "Vaccine Exception Review Panel" or "Vaccine Exception Review Committee" (hereinafter "VERC").

8.

The true names and capacities of Defendants Does 1 and 2 are unknown to Plaintiff. Each Defendant Doe is a member or agent of Defendant OHSU's VERC who evaluated Plaintiff's request for religious accommodation. Each Defendant designated herein as "Doe" is legally responsible for the events herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged. The Does described herein were directly responsible for making the decision to deny Plaintiff's religious and medical accommodations and tell Plaintiff she did not possess a sincerely held religious belief. Plaintiff will seek leave of this Court to amend this Complaint to show the Does' names and capacities once they have been ascertained.

**DEMAND FOR JURY TRIAL**

9.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a Trial by Jury on all issues of her Complaint as is appropriate according to law.

/ / /

/ / /

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

## GENERAL FACTUAL ALLEGATIONS

10.

On or about November 2014 Plaintiff began working for Defendant OHSU for the OHSU Knight Cancer Institute - Adult Oncology Division as the Revenue Cycle Manager. Plaintiff held a management position within the administrative team. At all times, Plaintiff exceeded performance standards set by Defendant OHSU. Plaintiff was awarded the highest pay increase available by Defendant OHSU for her position based on her job performance.

11.

Beginning in September of 2019 Plaintiff worked remotely for Defendant OHSU approximately 80% of the time because of a lack of space in Defendant OHSU's new Center for Health and Healing 2.

12.

Beginning in March of 2020 Plaintiff worked remotely for Defendant OHSU 100% of the time.

13.

In September of 2021 Defendant mandated Plaintiff receive an experimental Covid-19 vaccination as a condition of continued employment.

14.

On September 20, 2021 Plaintiff put Defendant OHSU on notice of her sincerely held religious beliefs and medical conditions which prevented Plaintiff from receiving an experimental Covid-19 vaccination.

15.

On September 22, 2021 Defendant OHSU through its Board Defendants and Does 1 and 2 published "Criteria for vaccine policy exceptions" which Defendant OHSU shared with its "Members." This document reads in part:

4 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

"Thank you for your patience as OHSU's leadership and Vaccine Exception Review Panel have thoughtfully considered the possible personal, community and legal implications. This deliberate review has led to developing very narrow criteria for approving medical or religious exceptions at OHSU… We understand that some of you may not qualify for an exception based on these criteria. We are here to help… We want you to be compliant and we value you…
In accordance with relevant federal and Oregon law, members who can demonstrate a sincerely held religious belief and past behavior consistent with that belief will be approved for an exception. Please be advised that social, political or economic philosophies or personal preferences are not considered to be religious beliefs. Examples of beliefs or past behavior that may disqualify an individual from receiving a religious exception include:
- Receiving another vaccine in the last five years.
- An objection to the vaccine on the basis of fetal cell concerns…"

16.

Later Defendant OHSU through the Board Defendants and the Does provided examples of beliefs Defendant OHSU contended did not qualify for a religious exception writing:

- Arguments for free will or against compulsion.
    - This does not refer to the vaccine, but instead your right to have a religious freedom or conscientiously object to the vaccine.
- Concerns over vaccine safety or content.
    - These are not religious arguments and often inconsistent with proven facts.
- An objection to the vaccine on the basis of fetal cell concerns, either in the vaccines or in testing and development.
    - These professed beliefs are personal moral choices and/or conscientious objections rather than a tenet of a religious faith.
    - No fetal tissue or cells are contained in any of the vaccines currently available under FDA approval or emergency use authorization in the U.S.
    - While they played no role in their development or production, HEK-293 cell lines created over 50 years ago were used in confirmatory testing of the current mRNA vaccines. Cells from the same line have commonly been used in biologic research since the late 70s. This cell line is used in the testing of many common medicines, including Tylenol, Advil, Aspirin, Claritin, Benadryl, Pepto-Bismol, Mucinex, Tums and Prilosec, among many others.
- A personal revelation from God about the vaccine, an objection to the vaccine based upon bodily integrity or sanctity, and/or a belief that the vaccine is "unclean."
    - These are personal moral choices and/or conscientious objection rather than a tenet of a religious faith.

/ / /

5 – COMPLAINT

Baum Smith llc
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

17.

Defendant OHSU had a policy under which it would not allow in their form both religious accommodation requests and medical accommodation requests in connection with its Covid-19 mandate.

18.

Plaintiff has medical conditions which prevented her from receiving an experimental Covid-19 vaccination. During September through December 2021 Plaintiff informed Defendant of her religious beliefs and medical conditions and requested religious and medical accommodations to which Defendant OHSU refused to respond.

19.

Plaintiff made several attempts by written communication to Defendant OHSU and submitted documents in support of her medical and religious accommodation requests.

20.

On December 2, 2021, Plaintiff made a second request for both religious and medical accommodations to which Defendant OHSU refused to respond. On December 13, 2021, Plaintiff made a third request for both religious and medical accommodations to which Defendant OHSU refused to respond. On December 15, 2021, Plaintiff made a fourth request for both religious and medical accommodations to which Defendant OHSU refused to respond.

21.

On October 5, 2021 Defendant OHSU denied Plaintiff's request for any accommodation.

22.

In denying Plaintiff's request for religious accommodation Defendant OHSU told Plaintiff her request received "two independent assessments by members of the Vaccine

6 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

Exception Review Committee." Defendant Does 1 and 2 are the two members of the Vaccine Exception Review Committee described in Defendant OHSU's October 5, 2021 correspondence to Plaintiff.

23.

On December 2, 2021 Defendant notified Plaintiff it was terminating Plaintiff's employment.

24.

Defendant OHSU did not engage in an interactive process with Plaintiff about accommodations for her religious beliefs and medical conditions at any time. Defendant OHSU through its agents the Board Defendants and Does 1 and 2 decided it would be the arbiter of the validity of Plaintiffs religious beliefs in violation of Title VII of the Civil Rights Act and 42 USC § 1983.

25.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 6, 2022. Plaintiff received notice of her right to sue from the EEOC on October 27, 2022.

PLAINTIFF'S FIRST CLAIM FOR RELIEF

(42 USC § 2000e-5 - Employment Religious Discrimination)

Against Defendant OHSU

26.

Plaintiff realleges paragraphs 1 through 25 and incorporates them herein.

27.

Plaintiff has a sincerely held religious belief which prevents her from receiving an experimental Covid-19 vaccination.

/ / /

/ / /

7 – COMPLAINT

Baum Smith llc
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

28.

Around September 20, 2021 Plaintiff began putting Defendant on notice of her sincerely held religious belief which prevented her from receiving an experimental Covid-19 vaccination.

29.

Defendant did not make a good-faith effort to reasonably accommodate Plaintiff's religious beliefs and could have done so without incurring an undue hardship because Plaintiff worked remotely and did not pose a direct threat to the workplace by remaining unvaccinated against Covid-19.

30.

On October 5, 2021 Defendant OHSU subjected Plaintiff to discriminatory treatment by declaring her sincerely held religious beliefs not legitimate and unworthy of any accommodation and threatening to terminate her employment if she declined to receive an experimental COVID-19 vaccination.

31.

Defendant OHSU placed Plaintiff on administrative leave on October 18, 2021 because she did not receive the experimental Covid-19 vaccination.

32.

Defendant OHSU terminated Plaintiff's employment on December 2, 2021.

33.

Based on the foregoing, Defendant OHSU discriminated against Plaintiff in violation of 42 USC § 2000e-5. Plaintiff requests Defendant OHSU be required to pay Plaintiff her economic and non-economic damages caused by Defendant OHSU's wrongful conduct in an amount to be proven at trial.

/ / /

/ / /

Baum Smith llc
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

34.

Plaintiff requests an award of her reasonable attorney fees and expert witness fees pursuant to 42 USC §2000e-5(k).

PLAINTIFF'S SECOND CLAIM FOR RELIEF

(ORS 659A.112 – Disability Discrimination; Failure to Accommodate)

Against Defendant OHSU

35.

Plaintiff realleges paragraphs 1 through 34 and incorporates them herein.

36.

Plaintiff is a "disabled person" as defined in ORS 659A.104(1).

37.

Defendant OHSU is an "employer" as defined in ORS 659A.106.

38.

Plaintiff could perform the essential functions of her job with or without accommodation.

39.

Defendant OHSU could have accommodated Plaintiff's disability and continued to employ her. Defendant OHSU did not make a good-faith effort to reasonably accommodate Plaintiff's medical conditions and could have done so without incurring an undue hardship because Plaintiff worked remotely and did not pose a direct threat to the workplace by remaining unvaccinated against Covid-19.

40.

After Plaintiff put Defendant OHSU on notice of her medical conditions which prevented her from receiving an experimental Covid-19 vaccination, Defendant OHSU did not engage in an interactive process with Plaintiff to determine whether she could be accommodated.

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

41.

As a direct result of Defendant OHSU's conduct, Plaintiff was placed on unpaid leave and has suffered economic damages in the form of lost wages and benefits, including back pay, front pay in lieu of reinstatement, and non-economic damages in an amount to be proven at trial.

42.

To the extent that any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

43.

Pursuant to ORS Chapter 659A and ORS 20.107 Plaintiff is entitled to recover her reasonable attorney fees and costs, including expert witness fees.

PLAINTIFF'S THIRD CLAIM FOR RELIEF

(42 USC § 1983 – Deprivation of Civil Rights)

Against the Board Defendants and Does 1 and 2

44.

Plaintiff realleges paragraphs 1 through 43 and incorporates them herein.

45.

Under 42 USC § 1983, anyone who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress."

/ / /

/ / /

/ / /

10 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

46.

Under 42 USC § 1983, state actors like the Board Defendants and Does 1 and 2 forfeit their qualified immunity from liability when, acting in their official capacities, they deliberately infringe on constitutional rights.

47.

The First Amendment of the United States Constitution prohibits government actors from infringing on an individuals freedom of religion.

48.

Acting under color of state law the Board Defendants and Does 1 and 2 expressed overt hostility to the religious beliefs of Plaintiff by declaring Plaintiff's religious beliefs "personal moral choices and/or conscientious objection rather than a tenet of a religious faith," merely her "right to have a religious freedom or conscientiously object to the vaccine" rather than a sincerely held religious belief and "concerns over vaccine safety or content" not a sincerely held religious belief but rather a "religious argument" and "inconsistent with proven facts."

49.

Based on the foregoing, the Board Defendant's and Does 1 and 2, including the members of the VERC, have deprived Plaintiff of her constitutionally protected freedom of religion.

REQUEST FOR DECLARATORY RELIEF

50.

Plaintiff realleges paragraphs 1 through 49 and incorporates them herein.

51.

The Free Exercise Clause of the U.S. Constitution's First Amendment prohibits state governments from infringing on individuals' freedom of religion.

/ / /

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

52.

Board Defendants have violated the Free Exercise Clause by proclaiming which religious beliefs were worthy of religious exceptions and which beliefs were not. Board Defendants expressed overt hostility to religious belief in their communications about Defendant OHSU's "narrow criteria" for religious "exceptions" to Covid-19 vaccination. The VERP members also violated the Free Exercise Clause by asking Plaintiff to reconsider her religious objection.

53.

Board Defendant's placed pressure on Plaintiff to conform to the prevailing approved religion by proclaiming which religious beliefs were worthy of religious exceptions and which were not.

54.

Based on the foregoing, the Court should declare that the Board Defendants' policy proclaiming which beliefs are worthy of religious exceptions and which beliefs were not violates the U.S. Constitution's Free Exercise Clause.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants for relief as follows:

ON ALL CAUSES OF ACTION:

1. Declaratory relief,
2. Economic damages in the amount according to proof at trial;
3. Non-economic damages in the amount according to proof at trial;
4. Punitive damages in an amount according to proof at trial;
5. Plaintiff's attorney fees, expert costs, costs and disbursements incurred herein; and
6. Such other relief that the court deems just and equitable.

DATED this 24th day of January, 2023.

BAUM SMITH, LLC
Attorney for Plaintiff

By: _____
Brent H. Smith
OSB #065971
Trial Attorney

13 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com