IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAREN MAGGIO,

    Plaintiff,

  v.

OREGON HEALTH AND SCIENCE
UNIVERSITY, an Oregon Public Corporation
and Governmental Entity; WAYNE MONFRIES;
RUTH BEYER; JAMES A. CARLSON;
DANNY JACOBS; CHAD PAULSON; STEVE
ZIKA; STACY CHAMBERLAIN; PRASHANT
DUBEY, and DOES 1 and 2,

    Defendants.

Case No. 3:23-cv-00116-JR

FINDINGS AND
RECOMMENDATION

_____

RUSSO, Magistrate Judge:

  Defendant Oregon Health and Science University ("OHSU") and Wayne Monfries, Ruth

Beyer, James Carlson, Danny Jacobs, Chad Paulson, Steve Zika, Stacy Chamberlain, and Prashant

Dubey (collectively the "Board Defendants") move to partially dismiss plaintiff Maren Maggio's

complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendants' motion

should be granted.

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND[1]

OHSU, a teaching hospital located in Portland, Oregon, hired plaintiff in November 2014 as a Revenue Cycle Manager. Compl. ¶¶ 6, 10 (doc. 1). Starting in September 2019, plaintiff worked remotely "approximately 80% of the time because of a lack of space in Defendant OHSU's new Center for Health and Healing." *Id.* at ¶ 11. As of the start of the Covid -19 pandemic in March 2020, plaintiff worked 100% remotely. *Id.* at ¶ 12.

In August 2021, Governor Brown sought to limit the spread of the potentially deadly coronavirus in the state's healthcare facilities by issuing an executive order requiring workers in healthcare settings to be vaccinated against Covid-19 by October 18, 2021. *Johnson v. Brown*, 567 F.Supp.3d 1230, 1244 (D. Or. 2021).

"On September 20, 2021, Plaintiff put Defendant OHSU on notice of her sincerely held religious beliefs and medical conditions which prevented Plaintiff from receiving an experimental Covid- 19 vaccination." Compl. ¶ 14 (doc. 1).

On September 22, 2021, OHSU, through the Board Defendants, published "Criteria for vaccine policy exceptions," which read in relevant part:

> Thank you for your patience as OHSU's leadership and Vaccine Exception Review Panel have thoughtfully considered the possible personal, community and legal implications. This deliberate review has led to developing very narrow criteria for approving medical or religious exceptions at OHSU . . . We understand that some of you might not qualify for an exception based on these criteria. We are here to help . . . We want you to be compliant and we value you . . . In accordance with relevant federal and Oregon law, members who can demonstrate a sincerely held

---

[1] Plaintiff includes a litany of additional facts concerning her role, the pandemic, and OHSU's exception process in opposing defendants' motion. However, these "new" allegations are outside the purview of the Court's consideration at this stage in the proceedings. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (when reviewing a Rule 12(b)(6) motion, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss") (citation omitted). And plaintiff's request to amend via her response brief is procedurally improper. *See* LR 7-1(b) ("[m]otions may not be combined with any response, reply, or other pleading").

religious belief and past behavior consistent with that belief will be approved for an exception. Please be advised that social, political, or economic philosophies or personal preferences are not considered by be religious beliefs. Examples of beliefs or past behaviors that may disqualify an individual from receiving a religious exception include:
- Receiving another vaccination with the last five years.
- An objection to the vaccine on the basis of fetal cell concerns . . .

*Id.* at ¶ 15 (ellipses in original). OHSU subsequently provided examples of beliefs that did not

qualify under its criteria for a religious exception:

● Arguments for free will or against compulsion.
- This does not refer to the vaccine, but instead your right to have a religious freedom or conscientiously object to the vaccine.

● Concerns over vaccine safety or content.
- There are not religious arguments and often inconsistent with proven facts.

● An objection to the vaccine on the basis of fetal cell concerns, either in the vaccines or in testing and development.
- These professed beliefs are personal moral choices and/or conscientious objections rather than a tenet of religious faith.
- No fetal tissue or cells are contained in any of the vaccines currently available under FDA approval or emergency use authorization in the U.S.
- While they played no role in their development or production, HEK-293 cell lines created over 50 years ago were used in confirmatory testing of the current mRNA vaccines. Cells from the same line have commonly been used in biological testing since the late 70s. This cell line is used in the testing of many common medicines, including Tylenol, Advil, Aspirin, Claritin, Benadryl, Pepto-Bismol, Mucinex, Tums and Prilosec, among many others.

● A personal revelation from God about the vaccine, an objection to the vaccine based on bodily integrity or sanctity, and/or a belief that the vaccine is "unclean."
- These are personal moral choices and/or conscientious objections rather than a tenet of religious faith.

*Id.* at ¶ 16.

On October 5, 2021, OHSU denied plaintiff's request for a medical or religious exception.

*Id.* at ¶ 21. On December 2, 2021, OHSU "notified Plaintiff it was terminating [her] employment."

*Id.* at ¶ 23. On December 2, 13, and 15, 2021, plaintiff made additional "request[s] for both

religious and medical accommodations to which Defendant OHSU refused to respond." *Id.* at ¶ 20.

On January 24, 2023, plaintiff initiated this lawsuit, alleging claims for: (1) religious discrimination under Title VII against OHSU; (2) disability discrimination under Or. Rev. Stat. § 659A.112 against OHSU; and (3) First Amendment violation under 42 U.S.C. § 1983 against the Board Defendants and Does 1 and 2. As relief, plaintiff seeks a declaratory judgment, punitive damages, economic damages, and non-economic damages. On April 17, 2023, defendants filed the present motion to dismiss. Briefing was completed in regard to that motion on May 15, 2023.

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## DISCUSSION

Defendants contend dismissal is warranted in regard to plaintiff's second and third claims because the Complaint fails to plausibly allege the failure to accommodate a qualified disability, or an "injury in fact" or "any 'substantial burden' on her freedom to practice religion." Defs' Mot.

Dismiss 6-8 (doc. 4). Defendants also argue that plaintiff's request for declaratory relief "should be dismissed because it concerns only the past conduct of the Board Defendants and Does 1 and 2 and does not seek prospective relief." *Id.* at 12. And, concerning plaintiff's § 1983 and declaratory relief claims, defendants assert dismissal with prejudice is proper.

## I.     Disability Discrimination Claim

Plaintiff alleges she is "a 'disabled person' as defined in ORS 659A.104(1)," capable of "perform[ing] the essential functions of her job with or without accommodation," and that OHSU "did not make a good-faith effort to reasonably accommodate [her] medical conditions and could have done so without incurring an undue hardship because [she] worked remotely and did not pose a direct threat to the workplace by remaining unvaccinated against Covid-19." Compl. ¶¶ 35-43 (doc. 1).

Or. Rev. Stat. § 659A.112 provides that it is an unlawful employment practice "to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability." "The standard for establishing a prima facie case of discrimination under Oregon law is identical to that used in federal law." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). Thus, to state a prima facie claim under Or. Rev. Stat. § 659A.112, the plaintiff must allege: "(1) she is disabled; (2) she is qualified; and (3) suffered an adverse employment action because of her disability." *Magee v. Trader Joe's Co.*, 2020 WL 9550008, *7 (D. Or. Sept. 1, 2020), *adopted in relevant part by* 2021 WL 1550336 (D. Or. Apr. 20, 2021) (citations omitted).

Here, plaintiff neglects to allege facts establishing she is a qualified individual with a disability. Plaintiff concludes she is disabled and otherwise alludes to unspecified "medical conditions" that allegedly prevented her from receiving the Covid-19 vaccine. *See, e .g.*, Compl.

¶¶ 14, 18, 36 (doc. 1). However, plaintiff does not include any well-plead facts demonstrating the existence of a "physical or mental impairment that substantially limits one or more major life activities," such as "[c]aring for oneself," "[s]eeing," "[h]earing," "[s]tanding," or "[b]reathing."[2] Or. Rev. Stat. § 659A.104(1)-(2); *see also Jackson v. Gill*, 2020 WL 8838227, *4 (D. Or. Sept. 4, 2020) (broad allegations about the existence of a medical disability are inadequate to state a claim); *Ferguson v. Burdette*, 310 Or. App. 49, 54-484 P.3d 362 (2021) (the plain language of Or. Rev. Stat. § 659A.104 "means that, to qualify as a 'person with a disability' [the] person must demonstrate that they have a physical or mental impairment that restricts one or more major life activities, when viewed in comparison with most people in the general population"). Defendants' motion should be granted in this regard.

## II.     First Amendment Claim

Plaintiff alleges "the Board Defendants and Does 1 and 2 expressed overt hostility to [her] religious beliefs [by declaring them] 'personal moral choices and/or conscientious objection rather than a tenet of a religious faith,' merely her 'right to have a religious freedom or conscientiously object to the vaccine' rather than a sincerely held religious belief and 'concerns over vaccine safety or content' not a sincerely held religious belief but rather a 'religious argument' and 'inconsistent with proven facts.'" Compl. ¶¶ 44-49 (doc. 1).

---

[2] Plaintiff essentially concedes as much by "request[ing] leave to amend and allege her impairment with clarity" – i.e., that, in 2007, she was diagnosed with a "congenital atrophic right kidney," which causes her to be "cautious of the medications she takes." Pl.'s Resp. to Mot. Dismiss 10 (doc. 8). Given the clear precedent surrounding Or. Rev. Stat. § 659A.104, as well as the case law identified by plaintiff, her proposed amendments are unlikely to be curative. *See* Def.'s Reply to Mot. Dismiss 3 (doc. 9) ("nothing in ORS 659A.104(2) (listing examples of 'major life activities') suggests that being 'cautious of medications' constitutes a substantial limitation on a 'major life activity'").

To state on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that: (1) the conduct complained of deprived her of an existing federal constitutional or statutory right; and (2) the conduct was committed by a state actor or a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

"The free exercise clause protects two types of religious freedom: the freedom to believe and the freedom to act. While the freedom to believe is absolute, the freedom to act is limited." *N. Valley Baptist Church v. McMahon*, 696 F.Supp. 518, (E.D. Cal. 19)88), *aff'd*, 893 F.2d 1139 (9th Cir. 1990). To state a First Amendment claim in this context, the plaintiff must show that "the government action in question substantially burdens [her] practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (citation and internal quotations, ellipses, and brackets omitted).

Plaintiff fails to include facts sufficient to meet the requisite elements of her First Amendment claim. Although plaintiff asserts the Board Defendants and Does 1 and 2 were dismissive of her religious beliefs and concerns, she has not identified any burden to her religious practice, let alone a substantial one. In fact, her allegations surrounding her religious beliefs are vague, in that she does not identify her faith or any tenets of her belief system that defendants allegedly violated. Stated differently, plaintiff does not allege facts evincing that defendants' "overt hostility" prevented her from engaging in any religious conduct or from otherwise having a religious experience.

Further, mere "hostility" towards plaintiff's religious beliefs in the form of a vaccine mandate, without more, neither constitutes a concrete injury nor plausibly invades plaintiff's legally protected interests.[3] *See Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 848-49 (9th Cir. 2007) (discussing Article III standing). That is, without an expression of tangible harm, plaintiff's allegations are unlikely to be redressable by a favorable ruling. Defendants' motion should be granted as to plaintiff's § 1983 claim.

## III.    Request for Declaratory Relief

In addition to alleging a direct First Amendment claim, plaintiff also seeks a "declar[ation] that the Board Defendants' policy declaring which beliefs are worthy of religious exceptions and which beliefs were not violates the U.S. Constitution." Compl. ¶¶ 50-54 (doc. 1). Specifically, plaintiff contends the "Board Defendants have violated the Free Exercise Clause by proclaiming

---

[3] Plaintiff alleges that, because of OHSU's conduct, she was terminated and suffered economic damages. Compl. ¶ 32 (doc. 1). While she generally reincorporates the earlier portions of her Complaint, plaintiff does not make this allegation in relation to her First Amendment claim or the actions of the Board Defendants or Does 1 and 2. *See* Pl.'s Resp. to Mot. Dismiss 10-11 (doc. 8) (arguing "[i]t is likely the injury Plaintiff suffered will be redressed by a favorable decision [but to] the extent the court finds Plaintiff did not adequately plead the emotional and financial harm caused by the Defendants' conduct, Plaintiff requests leave to amend"). In any event, because the Court finds plaintiff's pleadings inadequate to show that defendants violated her First Amendment rights, it declines to address defendants' alternate arguments surrounding qualified immunity and vicarious liability. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (outlining the standard for qualified immunity). The Court nonetheless denotes that, given the novelty of the circumstances confronting health care facilities in imposing Governor Brown's vaccine mandate, it is unlikely that the right at issue was clearly established. *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (a right is clearly established if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right"); *see also Mullenix v. Luna*, 77 U.S. 7, 12 (2015) ("[w]e do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate") (citation and internal quotations omitted); *Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51 (2d Cir. 1988) ("[a]n individual's assertion that the belief [is religious does not] automatically mean that the belief is religious . . . a threshold inquiry into the religious aspect of particular beliefs and practices cannot be avoided if we are to determine what is in fact based on religious belief, and what is based on secular or scientific principles") (collecting cases).

which religious beliefs were worthy of religious exceptions and which beliefs were not . . . The [Vaccine Exception Review Panel] members also violated the Free Exercise Clause by asking Plaintiff to reconsider her religious objection." *Id.* at ¶ 52.

Declaratory relief is generally appropriate: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984) (citation and internal quotations omitted). Thus, a federal court is not empowered to issue "retrospective declaratory relief with respect to allegedly unconstitutional conduct that has ended" or prospective declaratory relief with respect to allegedly unconstitutional conduct that is not sufficiently likely to reoccur. *Rodriguez v. Tilton*, 2015 WL 3507126, *2 (E.D. Cal. June 3, 2015); *see also Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 857, 868 (9th Cir. 2017) ("[a] declaratory judgment merely adjudicating past violations of federal law – as opposed to continuing or future violations of federal law – is not an appropriate exercise of federal jurisdiction"); *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong").

The declaratory relief claim in the case at bar concerns only the Board Defendants' and Does 1 and 2's past conduct and does not plausibly articulate a continuing violation of federal law. Notably, absent from the Complaint are allegations that defendants' policy is still in place, being applied, or violating plaintiff's federal rights.[4]

---

[4] Plaintiff maintains in her opposition that she is requesting prospective relief: "While not alleged, Plaintiff believes the unlawful conduct she complains of is continuing at OHSU and she is asking the court to declare such conduct unconstitutional so other OHSU employees with religious beliefs do not have to experience what Plaintiff experienced." Pl.'s Resp. to Mot. Dismiss 14 (doc. 8). Yet plaintiff's response does not meaningfully address the requirements of third-party standing.

Despite the Complaint's deficiencies, the Court declines to dismiss plaintiff's third claim or request for declaratory relief with prejudice. Plaintiff has not yet had opportunity to address these pleading deficiencies and the Court cannot conclude, at least at this stage in the proceedings, that they are incurable as a matter of law given the dearth of specific factual allegations present in the Complaint.

## RECOMMENDATION

For the reasons stated herein, defendants' Motion to Dismiss (doc. 4) should be granted. The parties' requests for oral argument are denied as unnecessary. Any motion to amend the complaint must conform with this Findings and Recommendation and be filed within 30 days of the District Judge's order.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 1st day of June, 2023.

_____
/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge